UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICOLE BELTREZ,                              :
                                            :
                    Plaintiff,              :
                                            :
V.                                          :        No. 2:14-CV-07303-LDW-AKT
                                            :
CREDIT COLLECTION SERVICES, INC.,           :
                                            :
                    Defendant.              :
                                            :


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**


THE DEFENDANT
CREDIT COLLECTION SERVICES, INC.

Sabato P. Fiano
Michael A. Carbone

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
Bridgeport, CT 06601-1740
Telephone: (203) 332-5791
Facsimile: (203) 333-1489
E-Mail: sfiano@znclaw.com
E-Mail: mcarbone@znclaw.com


Its Attorneys


August 6, 2015

# TABLE OF CONTENTS

Page(s)

Table of Contents ............................................................................... ii

Table of Authorities............................................................................ iii, iv, v

Preliminary Statement ....................................................................... 1

STATEMENT OF UNDISPUTED FACTS ........................................... 4

ARGUMENT ....................................................................................... 4

I.    STANDARD FOR JUDGMENT ON THE PLEADINGS
      UNDER RULE 12(c) .................................................................. 4

II.   INTERPRETATION AND PURPOSE OF THE FDCPA ............... 6

III.  THE FACE OF THE LETTER DOES NOT VIOLATE THE FDCPA
      AS A MATTER OF LAW.............................................................. 8

      A. The Letter Does Not Violate 15 U.S.C. § 1692g(a)(2)
         And Thus Defendant Is Entitled To Judgment With Respect
         To Count I Of The First Amended Complaint.......................... 8

      B. The Letter's Virtual Verbatim Recitation Of Statutory Language
         Is Not Deceptive Or Misleading Under § 1692e And Thus Defendant
         Is Entitled To Judgment With Respect To Count II Of The First
         Amended Complaint ............................................................... 12

      C. The Letter Does Not Violate 15 U.S.C. § 1692j And Thus
         Defendant Is Entitled To Judgment With Respect To Count III
         Of The First Amended Complaint ........................................... 15

      D. Count IV Of The First Amended Complaint Does Not Allege Any
         Conduct In Violation Of § 1692f Beyond Plaintiff's Other Legally
         Untenable Claims And Thus Similarly Fails As a Matter Of Law ..........

      E.  The Letter Does Not Violate New York General Business Law
         349 As A Matter Of Law And Thus Defendant Is Entitled To
         Judgment With Respect To Count VI Of The First Amended
         Complaint ............................................................................... 16

CONCLUSION.................................................................................... 17

## TABLE OF AUTHORITIES

<u>Cases</u>:                                                                                    <u>Page(s)</u>

*Beattie v. DM Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991) ....................   6

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993) .................   14

*Catherman v. Credit Bureau of Greater Harrisburg*, 634 F. Supp. 693
    (E.D. Pa. 1986) .................................................................................   7

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)...........................   5

*Cirkot v. Diversified Financial Systems, Inc.*, 839 F. Supp. 941
    (D. Conn. 1993)................................................................................   6

*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) ..........................................   7

*Davis v. Lyons, Doughty & Veldhuis, P.A.*, 855 F.Supp.2d 279
    (D. Del. 2012)....................................................................................   10,13,15

*Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d 128
    (E.D.N.Y. June 29, 2007) ................................................................   13

*Ellis v. Solomon and Solomon, P.C.*, 591 F.Supp.2d 130 (2d Cir. 2010) ....................   8

*Forman v. Academy Collection Service, Inc.*, 388 F.Supp.2d 199
    (S.D.N.Y. 2005)................................................................................   15

*Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).........   16

*Graziano v. Harrison*, 763 F. Supp. 1269 (D.N.J.) 950 F.2d 107
    (3rd Cir. 1991) ................................................................................   6

*Greco v. Trauner, Cohen & Thomas*, 412 F.3d 360 (2d Cir. 2005)....................   8,13

*Hammett v. AllianceOne Receivables Management, Inc.*, 2011 WL 3819848
    (E.D. Pa. Aug. 30, 2011) .................................................................   10

*Hernandez v. The Affiliated Group, Inc.*, 2006 WL 83474
    (E.D.N.Y. Jan. 12, 2006) ................................................................   9

*Jacobson v. Healthcare Financial Services, Inc.*, 434 F.Supp.2d 133
    (E.D.N.Y. 2006)................................................................................   9

*Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326
    (2d Cir. 1997) ................................................................................   5

*Johnson v. NCB Collections, Inc.*, 799 F. Supp. 1298 (D. Conn. 1992).............. 6

*Kregler v. City of New York*, 770 F. Supp. 602 (S.D.N.Y. 2011) ......................... 6

*Leeds v. Meltz*, 85 f.3d 51 (2d Cir. 1996).............................................................. 5

*Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175 (D. Conn. 1994) ....... 7

*Minick v. Tate & Kirlin Associates*, 2005 WL 1566548 (N.D. Cal. 2005)............. 5

*Oscar v. Professional Claims Bureau, Inc.*, 2012 WL 2367128
    (E.D.N.Y. June 1, 2012) ................................................................................. 14

*Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123
    (2d Cir. 2001) ................................................................................................. 4

*Rosa v. Gaynor*, 784 F. Supp. 1 (D. Conn. 1989)............................................... 8

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) ................................................. 5

*Scheuer v. Jefferson Capital Systems, LLC*, 43 F.Supp.3d 772
    (E.D. Mich. 2014) .......................................................................................... 7,8

*Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236 (2d Cir. 2002)................. 5

*Spagnola v. Chubb Corp.*, 574 F.3d 64 (2d Cir. 2009) ....................................... 17

*Stricklin v. First Nat. Collection Bureau, Inc.*, 2012 WL 1076679
    (S.D. Ill. March 30, 2012) .............................................................................. 10

*Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044
    (S.D.N.Y. Sept. 8, 2011)................................................................................ 11

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).......................................... 5

*Tsenes v. Trans-Cont'l Credit and Collection Corp.*, 892 F. Supp. 461
    (E.D.N.Y. 1995)............................................................................................. 16

*Wright v. Credit Bureau of Georgia*, 555 F. Supp. 1005 (N.D. Ga. 1983) ........... 7

*Wright v. Phillips & Cohen Associates, Ltd.*, 2014 WL 4471396
    (E.D.N.Y. Sept. 10, 2014).............................................................................. 9,10

<u>Statutes</u>:

Fed. R. Civ. P. 12(b)(6) ................................................................ 4
Fed. R. Civ. P. 12(c) ..................................................................... 3, 4
Fed. R. Div. P. 56 .......................................................................... 6
Fed. R. Evid. 201(b) ...................................................................... 5
15 U.S.C. § 1692e ......................................................................... 12, 16
15 U.S.C. § 1692e(2)(A) ............................................................... 14
15 U.S.C. § 1692e(5) ..................................................................... 14
15 U.S.C. § 1692e(10) ................................................................... 14
15 U.S.C. § 1692f .......................................................................... 16
15 U.S.C. § 1692g ......................................................................... 4, 8,16
15 U.S.C. § 1692g(a)(2) ................................................................ 8
15 U.S.C. § 1692g(a)(4) ................................................................ 2, 12
15 U.S.C. § 1692j .......................................................................... 3, 15

<u>Miscellaneous</u>:

Federal Trade Commission Staff Commentary on the Fair Debt Collection
    Practices Act, 53 Fed. Reg. 50097, December 13, 1988 ............................... 11, 13
New York General Business Law §349 ................................................................ 3, 16, 17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE BELTREZ,                          :
                                         :
                    Plaintiff,           :
                                         :         No. 2:14-cv-07303-LDW-AKT
v.                                       :
                                         :
CREDIT COLLECTION SERVICES               :         **MEMORANDUM OF LAW**
                                         :         **IN SUPPORT OF MOTION**
                                         :         **FOR JUDGMENT ON THE**
                                         :         **PLEADINGS**
                    Defendant.           :

## Preliminary Statement

Plaintiff's claims in this action arise entirely from the face of a single collection letter sent by the Defendant, Credit Collection Services ("CCS"), dated November 27, 2014 ("the Letter"). The Letter is attached as Exhibit 1 to the Plaintiff's operative Complaint (See First Amended Complaint, Dkt # 31) and is thus part of the pleading record in this case.

It is clear from the face of the Letter that the Plaintiff owed a debt to "Verizon" in an amount of $21.83 which CCS was attempting to collect. The Letter complies with all material requirements of the Fair Debt Collection Practices Act ("FDCPA"). It accurately states the total amount of the debt in two places. It names "Verizon" as the creditor and identifies CCS as the debt collector. It contains all disclosures required to be provided by the FDCPA so that the debtor can exercise her rights to challenge, verify and/or dispute the debt. There is no threatening, abusive, misleading or other untoward language that harasses or threatens the debtor or misleads her about her rights under the FDCPA.

1

Plaintiff's First Amended Complaint alleges a laundry list of purported FDCPA violations, each of them based on an unreasonable and bizarre interpretation of a very ordinary collection letter.  In Count I, Plaintiff engages in strained attempts to create ambiguity about the identity of the creditor even though the Letter discloses in large, bold, capital letters that the debt in the amount of $21.83 is "REGARDING: VERIZON." Plaintiff speculates that a consumer might think that the creditor is CCS, despite numerous references in the Letter to CCS as a "collection firm," "collection agency" and "debt collector."  Plaintiff speculates that a consumer might think that the creditor is www.WarningNotice.com, despite the fact that the Letter states, in plain English, that www.WarningNotice.com is nothing more than a "secure website" through which the consumer can "remit payment."

In Count II, Plaintiff attempts to turn the Defendant's very efforts to comply with the FDCPA against it by contending that the Defendant's use of language expressly required by the FDCPA somehow violates the statute.  Specifically, the Letter expressly affords the consumer the opportunity to "obtain verification of the debt or obtain a copy of a judgment," in the disjunctive.  In this regard, the Letter *mirrors* 15 U.S.C. 1692g(a)(4), which specifically requires a debt collector to provide "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt *or a copy of a judgment* against the consumer and a copy of such verification *or judgment* will be mailed to the consumer by the debt collector...." 15 U.S.C. 1692g(a)(4) (Emphasis added).  Certainly, the Defendant should not be found to have engaged in an FDCPA violation by *complying* with the language of the statute itself.  Indeed, had the

2

Letter failed to include such language, Plaintiff almost certainly would have contended that such an omission constituted an FCPA violation in that instance as well.

In Count III, Plaintiff flips the very purpose of the FDCPA onto its head by claiming that the use of the name of the actual creditor, Verizon, is somehow misleading. Specifically, the Plaintiff takes issue with the Letter's directive to the consumer to send payment to "Verizon" at a "Payment Processing Center." If anything, such a directive provides the consumer with the accurate assurance that her payment will be applied towards the satisfaction of her debt owed to Verizon. More importantly, Plaintiff misapprehends §1692j of the FDCPA, which is intended to prohibit the use of a false third party name to create the false impression that an account has been assigned to a third-party collection agency *when it has not*. Here, the Letter makes clear from top to bottom that CCS is, in fact, a third party debt collector attempting to collect a debt in the amount of $21.83 on the behalf of Verizon.

Count IV of the First Amended Complaint is a mere "catch-all" cause of action predicated upon the same allegations of Counts I – III. As those Counts fail as a matter of law, so does Count IV.

Count VI of the First Amended Complaint, sounding in a violation of New York General Business Law § 349, is predicated entirely upon the same allegations of Counts I – IV. Count VI is unsupported by any independent allegations of materially misleading conduct in violation of GBL § 349. As Counts I – IV fail as a matter of law, so does Count VI. Defendant now moves for judgment pursuant to Fed. R. Civ. P. 12(c) as to Counts I, II, III, IV, and VI of Plaintiff's First Amended Complaint.[1]

---

[1] Defendant is not moving for judgment under Rule 12(c) as to Count V, but reserves its right to seek permission from the court to move for summary judgment on said count.

3

## STATEMENT OF UNDISPUTED FACTS

CCS was retained by Verizon to collect an amount due and owing to Verizon by Plaintiff Nicole Beltrez ("Plaintiff"). In furtherance of its retention, CCS sent a collection letter dated November 27, 2014 (the "Letter") to the Plaintiff. The Letter is attached to the First Amended Complaint as Exhibit A. (Dkt. #31).

The Letter contains all information mandated by the FDCPA. It is on the letterhead of "Credit Collection Services." The Letter states that it was sent from a debt collector and is an attempt to collect a debt. It discloses the creditor and past due amount in large, bold, capital letters in a box near the top of the letter, which states: "REGARDING: VERIZON   PAST DUE: $21.83." Under the heading "Federal Law," the Letter contains the disclosures required by 15 U.S.C. § 1692g. Under the heading "warningnotice.com-warningnotice.com," the Letter includes instructions for payment by mail or through the "secure website" entitled "www.warningnotice.com." The instructions for payment by check at the bottom of the Letter state the check should be payable to "Verizon" and that payment should be directed to a "Payment Processing Center" at a particular post office box.

## ARGUMENT

## I.   STANDARD FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(c)

The standard for evaluating a motion for judgment on the pleadings under Rule 12(c), Fed.R.Civ.P., is the same as that under Rule 12(b)(6), Fed.R.Civ.P. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). A court may dismiss an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which

4

would entitle him to relief." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted). In construing the Complaint, the court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Id.* "Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).

Notwithstanding the foregoing, it is equally well-settled law in the Second Circuit that "bald assertions and conclusions of law will not suffice" to state a claim. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).

Moreover, in addition to the pleadings, the court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citations omitted). Under FDCPA claims, a court may consider the letters that have been put in the record. *Minick v. Tate & Kirlin Associates*, 2005 WL 1566548 (N.D. Cal. 2005). A court may also take judicial notice of a public record pursuant to Rule 201(b), Fed.R.Evid.; *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).

If it becomes necessary to refer to documents that would not be available to the

Court on a motion to dismiss, through judicial notice or otherwise, the Court may

nonetheless consider such material by construing the motion to dismiss as a motion for

summary judgment. *See Kregler v. City of New York*, 770 F. Supp. 2d 602, 607

(S.D.N.Y. 2011) (*quoting Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000)

(holding that "[w]hen matters outside the pleadings are presented in connection with a

motion to dismiss, 'a district court must either exclude the additional material and decide

the motion on the complaint alone or convert the motion to one for summary judgment

under Fed R. Civ. P. 56 and afford all parties the opportunity to present supporting

material' ").

## II.    INTERPRETATION AND PURPOSE OF THE FDCPA

The FDCPA is based on the fundamental premise that "every individual, whether

or not he owes [a] debt, has a right to be treated in a reasonable and civil manner."

*Cirkot v. Diversified Financial Systems, Inc.*, 839 F. Supp. 941, 944 (D. Conn. 1993).

The purpose of the FDCPA is to protect consumers from unfair, deceptive and

harassing debt collection practices, while leaving collectors free to employ efficient,

reasonable and ethical practices in pursuit of their profession. *Graziano v. Harrison*,

763 F. Supp. 1269 (D. N. J.), *modified on other grounds*, 950 F.2d 107 (3rd Cir. 1991);

*Johnson v. NCB Collections, Inc.*, 799 F. Supp. 1298 (D. Conn. 1992); *Beattie v. DM*

*Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991) (FDCPA does not preclude

nonabusive statements to encourage payment). The FDCPA is also designed to protect

law abiding debt collectors by "insur[ing] that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged ..."

6

*Scheuer v. Jefferson Capital Systems, LLC*, 43 F.Supp.3d 772, 778-79 (E.D.Mich. 2014).

In order for the FDCPA to fulfill its intended purposes, courts must strike a balance between providing protection to consumers from improper and offensive collection tactics and allowing the collection industry, in a reasonable and efficient manner, to perform its essential function in our economy. Debt collectors should not be subject to litigation merely because their task is to collect a debt. Accordingly, in construing the FDCPA courts should be mindful of its legitimate purposes, and aware of its potential abuses. *See, e.g., Lindbergh v. Transworld Systems, Inc.*, 846 F. Supp. 175, 180 (D. Conn. 1994) (The court rejected an argument under the FDCPA because it reflected "a false, narrow and overly mechanical reading of the FDCPA."). The FDCPA is not designed to enable consumers to eliminate the legitimate but adverse consequences of non-payment of debt. *See Catherman v. Credit Bureau of Greater Harrisburg*, 634 F. Supp. 693 (E.D. Pa. 1986); *Wright v. Credit Bureau of Georgia*, 555 F. Supp. 1005 (N.D. Ga. 1983) (fact recognized by all consumers is that a failure to pay one's bills will affect ability to obtain credit in the future).

Claims under the FDCPA are evaluated under the "least sophisticated consumer" standard. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). However, not all collection efforts violate the rights of the least sophisticated consumer. "Even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* "[C]ourts have consistently applied the lest-sophisticated consumer standard in a manner that protects debt collectors against liability for unreasonable

misinterpretations of collection notices." *Id.* at 1319. The FDCPA does not extend to every bizarre or idiosyncratic interpretation by a debtor. *Greco v. Trauner, Cohen & Thomas*, 412 F.3d 360 (2d Cir. 2005); *Rosa v. Gaynor*, 784 F. Supp. 1, 7 (D. Conn. 1989); *see also Scheuer v. Jefferson Capital Systems, LLC*, 43 F.Supp.3d at 779 (least sophisticated consumer standard also protects law abiding debt collectors from liability for idiosyncratic or bizarre interpretations of collection notices).

## III.   THE FACE OF THE LETTER DOES NOT VIOLATE THE FDCPA AS A MATTER OF LAW

The First Amended Complaint does not proffer a reading of the Letter that would be applied by "the least sophisticated consumer." Rather, Plaintiff proffers the precise opposite -- a sophisticatedly crafted, hyper-technical reading of the Letter that is painfully contorted to create a claim. Consequently, Plaintiff's claims fail as a matter of law.

### A.   The Letter Does Not Violate 15 U.S.C. § 1692g(a)(2) And Thus Defendant Is Entitled To Judgment With Respect To Count I Of The First Amended Complaint.

"Section 1692g was enacted to eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid by giving the consumer the right to dispute a debt claimed by a debt collector, and to seek verification of the validity of the debt." *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010). The statute requires that certain information be conveyed to a debtor within five days of contact, including "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

Count I of the First Amended Complaint alleges that the Letter violates 1692g(a)(2) because it purportedly fails to identify the creditor. Plaintiff's argument is

8

double-barreled, first claiming that the disclosure of Verizon is insufficient, and then claiming that other information in the Letter could be interpreted as referring to some creditor other than Verizon. Neither contention is based on a rational reading of the Letter.

Verizon's identity as the creditor is disclosed in a separate box near the top of the letter as "REGARDING: VERIZON     DEBT AMOUNT: $21.83." The fact that the debt is being collected on behalf of Verizon is corroborated by the payment coupon at the bottom of the letter, which requests that payments made by check be made payable to "Verizon" and sent to "Verizon" at a "Payment Processing Center."

Even the least sophisticated debtor would understand that Verizon is the creditor with respect to the debt. This is disclosed in bold, capital letters that the debt in the amount of $21.83 is "regarding" Verizon. This is further disclosed by the fact that payment should be made payable to "Verizon" and sent to "Verizon" at a Payment Processing Center. In this regard, the least sophisticated consumer analysis presumes that the consumer has read the entire letter. *Wright v. Phillips & Cohen Associates, Ltd.*, 2014 WL 4471396 (E.D.N.Y. Sept. 10, 2014) (copy attached hereto); *see also Jacobson v. Healthcare Financial Services, Inc.*, 434 F.Supp.2d 133, 139 (E.D.N.Y. 2006) *aff'd in part, rev'd in part* 516 F.3d 85 (2008) ("least sophisticated consumer standard points away from closely parsing a debt collection letter ... and towards a common sense appraisal of the letter"); *Hernandez v. The Affiliated Group, Inc.*, 2006 WL 83474 at *2-3 (E.D.N.Y. Jan. 12, 2006) (reference to creditor on back of letter sufficiently disclosed identity of the creditor) (copy attached hereto).

9

Ultimately, the Letter provides the least sophisticated consumer all the information needed to request verification of any debt "regarding Verizon" or dispute the validity of any debt "regarding Verizon." There is nothing in the Letter that undercuts or puts in question the affirmative disclosures of Verizon as the creditor. The mere fact that the Letter does not use the actual word "creditor" to describe Verizon does not rise to a violation of either the terms or the spirit of the FDCPA. *See Hammett v. AllianceOne Receivables Management, Inc.*, 2011 WL 3819848, at *4 (E.D.Pa. Aug. 30, 2011) (use of word "client" to denote current creditor was not false, misleading or deceptive under FDCPA) (copy attached hereto); *Davis v. Lyons, Doughty & Veldhuis, P.A.*, 855 F.Supp.2d 279, 284-85 (D.Del. 2012) (statement that "this office represents Midland Funding LLC in connection with your account" adequately disclosed the name of the creditor); *Wright, supra*, 2014 WL 4471396 (E.D.N.Y. Sept. 10, 2014) (letter did not suggest that the creditor was someone other than the creditor identified in the letter).

Plaintiff further contends that the clear name "Verizon" does not sufficiently identify the creditor, citing to different possible variations of the "Verizon" company name. (See First Amended Complaint, Count I, ¶36). However, the FDCPA does not legally require such hyper-technicalities in identifying the creditor. *See Stricklin v. First Nat. Collection Bureau, Inc.*, 2012 WL 1076679 at *6-7 (S.D. Ill. March 30, 2012) (unsophisticated consumer would understand that original creditor Sprint Nextel Corporation was same entity as Sprint Services) (copy attached hereto). The Letter provides even the least sophisticated consumer with all the information required to

10

challenge, verify and/or dispute a debt "Regarding Verizon" in the specific amount of $21.83.

Plaintiff's allegation that a consumer could interpret from the Letter that the creditor is "CCS" or "Credit Collection Services," rather than Verizon, is equally unpersuasive. Both of these names are explained in the Letter. "CCS" is an obvious acronym for the debt collector by virtue of the "CCS USA" logo at the top of the letter next to the Credit Collection Services name and address, and through the use of the acronym in the section of the Letter entitled "Sending Correspondence." There are numerous references throughout the letter to "Credit Collection Services" or "CCS" as a "collection firm," "collection agency" and "debt collector." Accordingly, the Letter's use of the two names to refer to the same debt collector simply does not confuse the least sophisticated consumer, as the names are substantially similar and "CCS" is a clear acronym for "Credit Collection Services." *See Suquilanda v. Cohen & Slamowitz, LLP,* 2011 WL 4344044 at \*6 (S.D. N.Y. Sept. 8, 2011) (different iterations of collection agency name not confusing) (copy attached hereto).

Beyond the case law, the Federal Trade Commission ("FTC") considers the use of an acronym by a debt collector to be permissible. Specifically, the FTC has commented that "[a] collector may use its full business name ... or a commonly-used acronym...." Federal Trade Commission Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, December 13, 1988, at Section 807(14).

The Plaintiff further attempts to self-create confusion in the Letter through the Defendant's use of a clearly identified, secure payment website entitled "WarningNotice.com." "WarningNotice.com" is accurately described in the Letter (in the

11

box labeled "warningnotice.com – warningnotice.com.") as a "secure website" in order for the debtor to "remit payment."  The Letter indicates that said secure website provides "self service menu options."  The fact that the Letter directs checks to be made payable to "Verizon" further alerts the consumer that www.warningnotice.com is not the creditor, but merely an internet payment vehicle for on-line payment.

The Letter's mere provision of an on-line payment option simply does not raise any inference that the website name is the name of the creditor itself.  Indeed, the FDCPA litigation floodgates would truly open if, in this internet age, the use of a clearly identified payment website could be construed as the name of a creditor.  The least sophisticated consumer understands that the name of a "secure [payment] website" ending in ".com" is not the name of a creditor.

### B. The Letter's Virtual Verbatim Recitation Of Statutory Language Is Not Deceptive Or Misleading Under §1692e And Thus Defendant Is Entitled To Judgment With Respect To Count II Of The First Amended Complaint.

Plaintiff takes further issue with certain language appearing in the Letter under the heading "Federal Law." The language is part of the Letter's notification of the consumer's right to dispute the debt within 30 days of receipt of a collection letter, *in compliance* with 15 U.S.C. § 1692g(a)(4).  Indeed, the Letter's language tracks the language of § 1692g(a)(4).

Section 1692(a)(4), which mandates the content of collection letters, provides as follows:

> [A] debt collector shall … send the consumer a written notice containing – (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector **will obtain verification of the debt or a copy of a judgment** against

the consumer and **a copy of such verification or judgment** will be mailed to the consumer by the debt collector.
(Emphasis added)

By comparison, the language in the Letter challenged by Plaintiff states as

follows:

If you notify this office in writing within 30 days from receiving this notice, this office **will obtain verification of the debt or obtain a copy of a judgment** and mail you **a copy of such judgment or verification**.
(Emphasis added)

The above comparison aptly demonstrates the Plaintiff's strenuous attempts to

create a claim where there is none. Indeed, the Plaintiff contends that the Defendant

*violated* the FDCPA by including in the Letter a warning *required* by the FDCPA.

Logically, the law is clear that a validation notice which tracks the language of the

FDCPA is presumed to fulfill the statutory requirements. *Greco v. Trauner, Cohen*

*Thomas, L.L.P.*, 412 F. 3d 360, 365-66 (2d Cir. 2005). In this regard, the statutory

language challenged by Plaintiff has been unchallenged in other collection letters

leading to FDCPA litigation. *See e.g. Dewees v. Legal Servicing, LLC*, 506 F.Supp.2d

128, 130 (E.D.N.Y. June 29, 2007) (copy attached hereto); *Davis, supra,* 855 F.Supp.2d

at 282. Moreover, the FTC has opined that it is permissible to include the words "copy

of a judgment" in a validation notice, regardless of whether a judgment in fact exists.

The reason for this is, quite logically, that the FDCPA "provides for a statement

including those words." Federal Trade Commission Staff Commentary on the Fair Debt

Collection Practices Act, 53 Fed. Reg. 50097, December 13, 1988, at Section 807(2).

Even if the language in the Letter was not already vetted by its appearance in the

statute, Plaintiff's interpretation of the language is idiosyncratic. She alleges that the

13

statement that CCS "will obtain" a copy of a judgment is false, deceptive and misleading under § 1692e(2)(A), threatens legal action which cannot be taken or is not intended to be taken under § 1692e(5), and violates § 1692e(10) because "Defendant knows it has no judgment against Plaintiff." First Amended Complaint, Count II, ¶¶ 49-51. These allegations, however, ignore the fact that the Letter entitles the consumer to verification of the debt *or* a copy of a judgment, in the disjunctive. In other words, only one of these two categories of documents might apply to the particular consumer. Additionally, the Letter advises the consumer that she might request and obtain a copy of "a" judgment," rather than a copy of "the" judgment, indicating that a judgment may not exist. It would be irrational for a consumer to presume from these disjunctive phrases that a judgment exists where it is equally likely there is no judgment. The mere reference to the possibility of a judgment, in the disjunctive, is not tantamount to a threat of legal action violating § 1692e(5). *Oscar v. Professional Claims Bureau, Inc.*, 2012 WL 2367128 (E.D.N.Y. June 1, 2012) (copy attached hereto) report and recommendation adopted by 2012 WL 236136 (E.D.N.Y June 19, 2012)(no violation of § 1692e(5) where collection letter stated it would assume consumer was not going to pay debt and report non-payment to creditor if not paid within 10 days) (copy attached hereto). Ultimately, "[a] false threat exists where the least sophisticated consumer would interpret the language to mean that legal action was authorized, likely and imminent." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

It is respectfully submitted that CCS should not be held liable as a matter of law for tracking, virtually verbatim, the very statutory language that it is required to include in

14

its validation notice to consumers.  CCS is entitled to judgment as to Count II of the First

Amended Complaint.

### C. The Letter Does Not Violate 15 U.S.C. § 1692j And Thus Defendant Is Entitled To Judgment With Respect To Count III Of The First Amended Complaint.

Section 1692j of the FDCPA is violated if a debt collector "uses a form that

creates a false implication that a non-existent third party is involved in the debt

collection." *Forman v. Academy collection Service, Inc.*, 388 F.Supp.2d 199, 202

(S.D.N.Y. 2005); *Davis v. Lyons, Doughty & Veldhuis, P.A.*, 855 F.Supp.2d at 285.

Such a violation is referred to as "flat-rating."

> "A 'flat rater' is [one who sells to creditors a set of dunning letters bearing the letter-head of the flat-rater's collection agency and exhorting the debtor to pay the creditor at once ... giving the impression that a third party debt collector is collecting the debt.  In fact, however, the flat-rater is not in the business of debt collection, but merely sells dunning letters. *Id.* at 285, n. 7.

Here, the Letter's request that payment be sent to "Verizon" at a Payment

Processing Center does not meet the elements of a §1692j statutory violation.  Rather,

§1692j prohibits the creation of "the *false* belief in a consumer that a person other than

the creditor of such consumer is participating in the collect of ... a debt ..." 15 U.S.C. §

1692j (Emphasis added).  In other words, §1692j would only apply here if Verizon was

using the CCS name to create the *false* impression amongst consumers that a third-

party debt collector was involved in the collection of the subject debt.  Here, CCS is not

a "non-existent third party."  It exists, and the Letter represents a legitimate effort by it,

15

as a clearly identified debt collector, to collect a debt on behalf of Verizon.[2]

**D. Count IV Of The First Amended Complaint Does Not Allege Any Conduct In Violation Of § 1692f Beyond Plaintiff's Other Legally Untenable Claims And Thus Similarly Fails As A Matter Of Law.**

Section 1692f "generally prohibits a debt collector from employing 'unfair or unconscionable means to collect' a debt." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 667 (S.D.N.Y. 2006).  There are eight subsections in § 1692f outlining different categories of violations, and a court may find other conduct not described in the subsections to be a violation. *Id.*

Count IV of the First Amended Complaint fails to allege any misconduct by the Defendant other than that already alleged in Counts I - III.  Thus, to the extent that the Defendant is entitled to judgment as to Counts I-III, it is similarly entitled to judgment with respect to Count IV.  *Id. (citing Tsenes v. Trans-Cont'l Credit and Collection Corp.*, 892 F.Supp. 461, 466 (E.D.N.Y. 1995) ("[T]he Complaint is devoid of support for the contention that the defendant engaged in practices that were 'unfair' or 'unconscionable' within the meaning of the section; all the allegations in the complaint support claims asserted under either § § 1692g or 1692e").

**E. The Letter Does Not Violate New York General Business Law § 349 As A Matter Of Law And Thus Defendant Is Entitled To Judgment With Respect To Count VI Of The First Amended Complaint.**

A violation of N.Y. General Business Law § 349 requires proof that (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material

---

[2] Count III appears to be somehow based upon the obscure notion that the PO Box to which the Plaintiff is directed to send payment is not leased, licensed or owned by Verizon.  However, it is unascertainable how this underlying fact, even if true, creates "a false implication that a non-existent third party is involved in the debt collection."

respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). The second element is determined in accordance with an objective standard, *i.e.,* whether the complained of act was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.*

Clearly, the G.B.L. § 349 "reasonable consumer" standard is more exacting than the least sophisticated consumer standard of the FDCPA. In this regard, the only purportedly "misleading" conduct alleged by the Plaintiff in her G.B.L. § 349 claim is the same conduct which fails to give rise to an FDCPA violation in Counts I – IV of the First Amended Complaint. Consequently, to the extent that the Defendant is entitled to judgment as to Counts I - IV, it is similarly entitled to judgment with respect to the Plaintiff's G.B.L. § 349 set forth in Count VI.

## CONCLUSION

For all the foregoing reasons, judgment as a matter of law should enter in favor of the Defendant as to the entirety of the Plaintiff's First Amended Complaint.

Respectfully submitted,

Date: August 6, 2015

DEFENDANT
CREDIT COLLECTION SERVICES

By: _____/s/_____
Sabato P. Fiano
Michael A. Carbone

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: 203-332-5791
Fax: 203-333-1489
E-mail: sfiano@znclaw.com
E-mail: mcarbone@znclaw.com

17

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2015, a copy of the foregoing was delivered electronically to the following counsel of record for the Plaintiff and that Notice of this filing with the Court will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system upon filing with the Court by way of ECF.

David M. Barshay, Esq.
Sanders Law, PLLC
100 Garden City Plaza
Suite 500
Garden City, New York 11530
dbarshay@sanderslawpllc.com


                                        /s/
                                    Sabato P. Fiano

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

_____/s/_____
Sabato P. Fiano