UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NICOLE BELTREZ, individually and on behalf
of all others similarly situated,

                                                      No.: 2:14-cv-07303-LDW-AKT

                           Plaintiff,

            -against-


CREDIT COLLECTION SERVICES, INC.,

                         Defendant.
------------------------------------------------------------X


**PLAINTIFF'S ANSWERING MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**


                                      David M. Barshay
                                      Craig B. Sanders
                                      SANDERS LAW, PLLC
                                      *Attorneys for Plaintiff*
                                      100 Garden City Plaza, Fifth Floor
                                      Garden City, New York 11530
                                      Telephone: (516) 203-7600
                                      Fax: (516) 706-5055
                                      Email: DBarshay@SandersLawPLLC.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY.................................................................................................... 1

COUNTER-STATEMENT OF UNDISPUTED FACTS..................................................... 1

ARGUMENT........................................................................................................................... 2
    A.   The Rule 12(c) Standard of Review......................................................................... 2
    B.   Plaintiff Has Stated a Claim Under 15 U.S.C. § 1692g(a)(2) – COUNT I............. 4
    C.   Plaintiff Has Stated a Claim Under 15 U.S.C. § 1692e – COUNT II..................... 9
    D.   Plaintiff Has Stated a Claim Under GBL § 349 – COUNT VI............................. 12

CONCLUSION..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Amina v. WMC Mortgage Corp.*,
  No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011) .......................... 7

*Arista Records, LLC v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010) ............................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 2, 3, 4

*Berther v. TSYS Total Debt Mgmt., Inc.*,
  No. 06-C-293, 2007 WL 1795472 (E.D. Wis. June 19, 2007) ................................. 7, 13

*Chance v. Armstrong*,
  143 F.3d 698 (2d Cir. 1998) ............................................................................................ 4

*Clomon v. Jackson*,
  988 F.2d 1314 (2d Cir. 1993) ........................................................................................ 10

*DeSantis v. Computer Credit, Inc.*,
  269 F.3d 159 (2d Cir. 2001) ............................................................................................ 5

*Dewees v. Legal Servicing, LLC*,
  506 F. Supp. 2d 128 (E.D.N.Y. 2007) ........................................................................ 8, 9

*Easterling v. Collecto, Inc.*,
  692 F.3d 229 (2d Cir. 2012) .......................................................................................... 10

*Erickson v. Pardus*,
  551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ................................................. 3

*Eun Joo Lee v. Forster & Garbus LLP*,
  926 F. Supp. 2d 482 (E.D.N.Y. 2013) ............................................................................ 9

*Faber v. Metro. Life Ins. Co.*,
  648 F.3d 98 (2d Cir. 2011) .............................................................................................. 3

*Fouche v. St. Charles Hosp.*,
  43 F. Supp. 3d 206 (E.D.N.Y. 2014) .............................................................................. 3

*Irish Lesbian & Gay Org. v. Giuliani*,
  143 F.3d 638 (2d Cir. 1998) ............................................................................................ 2

*Jacobson v. Healthcare Fin. Servs., Inc.*,
  516 F.3d 85 (2d Cir. 2008) .............................................................................................. 5

*Kamen v. Steven J. Baum, P.C.*,
  659 F. Supp. 2d 402 (E.D.N.Y. 2009) .................................................................................. 3

*Kato v. Ishihara*,
  239 F.Supp.2d 359 (S.D.N.Y. 2002) *aff'd.* 360 F.3d 106 (2d Cir. 2004) ....................... 4

*Mahoney v. Sony Music Entertainment*,
  No. 12 CIV. 5045 RJS AJP, 2013 WL 491526 (S.D.N.Y. Feb. 11, 2013) ..................... 4

*Matson v. Bd. of Educ. of City Sch. Dist. of New York*,
  631 F.3d 57 (2d Cir. 2011) ................................................................................................. 4

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
  712 F.3d 705 (2d Cir. 2013) .............................................................................................. 2

*Pipiles v. Credit Bureau of Lockport, Inc.*,
  886 F.2d 22 (2d Cir. 1989) ............................................................................................... 10

*Rozier v. Fin. Recovery Sys., Inc.*,
  No. 10-CV-3273 DLI JO, 2011 WL 2295116 (E.D.N.Y. June 7, 2011) ...................... 13

*Russell v. Equifax A.R.S.*,
  74 F.3d 30 (2d Cir. 1996) ........................................................................................ 5, 10, 12

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*,
  748 F.2d 774 (2d Cir. 1984) ............................................................................................... 4

*Savino v. Computer Credit, Inc.*,
  164 F.3d 81 (2d Cir. 1998) ................................................................................................. 5

*Schneider v. TSYS Total Debt Mgmt., Inc.*,
  No. 06-C-345, 2006 WL 1982499 (E.D. Wis. July 13, 2006) ................................. 6, 7, 8

*Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*,
  323 F. Supp. 2d 1344 (N.D. Ga. 2003) *aff'd*, 374 F.3d 1011 (11th Cir. 2004), *as revised* (Aug. 3, 2004) ................................................................................................................. 11

*Spagnola v. Chubb Corp.*,
  574 F.3d 64 (2d Cir. 2009) .......................................................................................... 12, 13

*Stojanovski v. Strobl & Manoogian, P.C.*,
  783 F. Supp. 319 (E.D. Mich. 1992) .............................................................................. 11

*Stricklin v. First Nat. Collection Bureau, Inc.*,
  No. 3:10-CV-01027-JPG, 2012 WL 1076679 (S.D. Ill. Mar. 30, 2012) .................... 8, 9

*Stutman v. Chem. Bank*,
   95 N.Y.2d 24 (2000) ............................................................................................................ 13

*Suquilanda v. Cohen & Slamowitz, LLP*,
   No. 10 CIV. 5868 PKC, 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) ........................... 9

*Walsh v. McGee*,
   918 F. Supp. 107 (S.D.N.Y. 1996) ..................................................................................... 2

*Wood v. Capital One Services, LLC*,
   718 F.Supp.2d 286 (N.D.N.Y. 2010) ............................................................................... 13

**Statutes**

15 U.S.C.
   § 1692 ..................................................................................................................................... 1
   § 1692e ............................................................................................................................. 9, 10
   § 1692e(10) ...................................................................................................................... 9, 11
   § 1692e(2)(A) .................................................................................................................. 9, 10
   § 1692e(5) ........................................................................................................................ 9, 11
   § 1692g(a) ............................................................................................................................ 4
   § 1692g(a)(2) ................................................................................................................ 4, 6, 7
   § 1692g(a)(4) ...................................................................................................................... 11

New York General Business Law
   § 349 ........................................................................................................................ 1, 12, 13

Federal Rules of Civil Procedure
   Rule 12(b)(6) ..................................................................................................................... 2, 3
   Rule 12(c) ............................................................................................................................. 2
   Rule 8 ..................................................................................................................................... 3
   Rule 8(a)(2) ........................................................................................................................... 2

**Other Authorities**

http://www.dos.ny.gov/corps/bus_entity_search.html (last visited August 27, 2015) ....... 6

## PRELIMINARY STATEMENT

This memorandum is submitted in opposition to Defendant's motion for judgment on the pleadings.

## PROCEDURAL HISTORY

On December 14, 2014, Plaintiff Nicole Beltrez ("*Plaintiff*") filed her Complaint, individually and on behalf of all others similarly situated (*Dkt. 1*), against Credit Collection Services, Inc. ("*Defendant*") alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA") and New York General Business Law § 349 ("GBL 349"). On January 30, 2015, Defendant filed its answer. *Dkt. 11*. On July 15, 2015, upon so-ordered stipulation, Plaintiff filed her First Amended Complaint. *Dkt. 31* (the "*Complaint*"). Defendant interposed its Answer on July 16, 2015. *Dkt. 34.* On or about August 6, 2015, Defendant filed its instant Rule 12(c) motion for judgment on the pleadings. The within is Plaintiff's opposition to Defendant's motion.

It should be noted that Defendant has not moved for judgment as to Plaintiff's claim concerning Defendant's false statement that it is a collection agency licensed by the State of New York (Count V of the Complaint). Additionally, Plaintiff does not oppose the relief sought by Defendant concerning Counts III and IV. As such, only Counts I, II and VI of the Complaint are subject to the Court's review.

## COUNTER-STATEMENT OF UNDISPUTED FACTS

In an effort to collect on a consumer debt alleged owed by Plaintiff, Defendant debt collector caused to be mailed to Plaintiff a collection notice (the "Notice").[1]

---

[1] A copy of the Notice is at *Dkt. 31-1*.

1

*Complaint* at ¶¶ 6 - 14. The Notice fails to identify by name and label any "creditor," "current creditor," "original creditor," or "creditor to whom the debt is owed." *Id.* at ¶¶ 34 - 35. Rather, the Notice states only, "Regarding: Verizon." *Id.* at ¶ 33.

Additionally, the Notice provides that upon Plaintiff's written request, Defendant will provide Plaintiff with "verification of the debt or obtain a copy of a judgment and mail [Plaintiff] a copy of such judgment or verification." *Id.* at ¶ 49. Defendant had no judgment against Plaintiff, either now or at the time it sent the Notice to Plaintiff. *Id.* at ¶¶ 50 - 51, 57, 59.

## ARGUMENT

### A. The Rule 12(c) Standard of Review

The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *See Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998). Such motions to dismiss, however, are disfavored and rarely granted. *See Walsh v. McGee*, 918 F. Supp. 107, 112 (S.D.N.Y. 1996).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) the Supreme Court explained that, in order to survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, at 570. In this regard, "a claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729 (2d Cir. 2013). The

2

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. The Second Circuit has made clear that while *Twombly* imposed a "plausibility requirement" on pleadings under Rule 8, it did not change the Rule 8 pleading standard. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010); *see also Kamen v. Steven J. Baum, P.C.*, 659 F. Supp. 2d 402, 405 (E.D.N.Y. 2009) *citing Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ("[S]hortly after its decision in *Bell Atlantic*, the Court reiterated that the pleading of specific facts in support of a complaint is not necessary. Instead, a complaint need only give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'")

When ruling on a motion to dismiss, the Court, "must accept as true all of the factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572, and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011); *see also Kamen v. Steven J. Baum, P.C.*, 659 F. Supp. 2d at 405.

In *Iqbal*, the Supreme Court set forth a two-step approach to determine whether a pleading states a plausible claim for relief. *Id.* at 678. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to assumptions of truth." *Id.* at 679. After identifying the well-pleaded factual allegations, the court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*; *see also Fouche v. St. Charles Hosp.*, 43 F.Supp. 3d 206, 211 (E.D.N.Y. 2014).

Finally, at the pleading stage, "the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the

3

claims." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 72 (2d Cir. 2011) *quoting Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998); *see also Kato v. Ishihara*, 239 F.Supp.2d 359, 362 (S.D.N.Y. 2002) *aff'd.* 360 F.3d 106 (2d Cir. 2004) ("Issue to be resolved by the court is not whether the plaintiff will ultimately prevail on his or her claim; it may, in fact, appear on the face of the pleadings that a recovery is unlikely.") Indeed, "Even after *Twombly* and *Iqbal*, the Court's role in deciding a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Mahoney v. Sony Music Entertainment*, No. 12 CIV. 5045 RJS AJP, 2013 WL 491526, at *5 (S.D.N.Y. Feb. 11, 2013). "Moreover, the district court should not be swayed into granting the motion because the possibility of ultimate recovery is remote." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that . . . a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

### B. Plaintiff Has Stated a Claim Under 15 U.S.C. § 1692g(a)(2) – COUNT I

15 U.S.C. § 1692g(a) requires debt collectors to send consumers a written notice containing, *inter alia*, "the name of the creditor to whom the debt is owed." *15 U.S.C. § 1692g(a)(2)*. The Second Circuit has repeatedly held that, "Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Indeed, a debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but to convey such clearly. *See Jacobson v.*

4

*Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) *citing Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). Thus, a debt collector violates the Act if its communication is "reasonably susceptible to an inaccurate reading" of the required message. *DeSantis v. Computer Credit, Inc.*, 269 F.3d at 161; *see also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998). Finally, "when determining whether § 1692g has been violated, an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector, is applied." *Russell v. Equifax A.R.S.*, 74 F.3d at 34.

Here, as alleged in the Complaint, Defendant's notice fails to identify any entity as the creditor to whom the debt is owed. *Id.* at ¶ 34. Indeed, Defendant's Notice fails to identify by name and label any "creditor," "current creditor," "original creditor," or "creditor to whom the debt is owed." *Id.* at ¶ 35. Rather, Defendant's Notice only states, "Regarding: Verizon." *Id.* at ¶ 33. As further alleged in the Complaint, "Verizon," even if meant as the creditor to whom the debt is owed (which is not stated in the Notice), can mean a number of different entities. *Id.* at ¶ 36. In fact, while there is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations, there are thirty-seven (37) disparate entities registered in New York that begin their legal name with "Verizon," and forty (40) disparate entities that contain

5

"Verizon" in their legal name.[2] As alleged in the Complaint, the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed. *Id.* at ¶¶ 37-43. This confusion is the gravamen of Count I.

Plaintiff's claim is not one of first impression. For instance, in *Schneider v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-345, 2006 WL 1982499 (E.D. Wis. July 13, 2006) the debt collector's notice set forth "Target" as the creditor to whom the debt is owed. The debt collector argued that the provision of "Target" along with an account number (more than what was provided in this case) would allow the unsophisticated debtor to "objectively deduce or infer who the creditor is and thus, would not be confused." *Id.* at *3. In rejecting the debt collector's argument and denying its motion to dismiss the consumer's 15 U.S.C. § 1692g(a)(2) claim, the Court held:

> "[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the

---

[2] These entities include: Preferred Wireless @ Verizon, LLC; Verizon 158, Inc.; Verizon Airfone, Inc.; Verizon And Redbox Digital Entertainment Services, LLC; Verizon Avenue Corp.; Verizon Business Network Services, Inc.; Verizon Business Purchasing, LLC; Verizon Capital Corp.; Verizon Communications, Inc.; Verizon Connected Solutions, Inc.; Verizon Corporate Resources Group, LLC; Verizon Corporate Services Corp.; Verizon Corporate Services Group, Inc.; Verizon Credit, Inc.; Verizon Data Services, LLC; Verizon Federal, Inc.; Verizon Foundation; Verizon Information Technologies, LLC; Verizon Long Distance, LLC; Verizon Media, LLC; Verizon Network Integration Corp.; Verizon New England, Inc.; Verizon New York, Inc.; Verizon Online, LLC; Verizon Patent And Licensing, Inc.; Verizon Select Services, Inc.; Verizon Services Corp.; Verizon Services Organization, Inc.; Verizon Solutions, Inc.; Verizon Sourcing, LLC; Verizon Telematics, Inc.; Verizon Teleproducts Corp.; Verizon Washington, DC, Inc.; Verizon Wireless (VAW), LLC; Verizon Wireless Network Procurement, LP; Verizon Wireless Of The East, LP; Verizon Wireless Services, LLC; Verizon Wireless Telecom, Inc.; Women's Association of Verizon Employees, Inc.; and Zcom Verizon Wireless Premium Retailer, Inc.
*http://www.dos.ny.gov/corps/bus_entity_search.html* (last visited August 27, 2015).

6

> name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the court, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter."

*Id.* at *3-4.

Likewise, in *Amina v. WMC Mortgage Corp.*, No. CIV. 10-00165 JMS, 2011 WL 1869835 (D. Haw. May 16, 2011) the debt collector's notice explicitly set forth, "The name of the current creditor to whom the debt is owed is Chase." *Id.* at *12. On its motion for summary judgment, the debt collector argued that it had complied with 15 U.S.C. § 1692g(a)(2). In rejecting the argument and denying summary judgment, the Court held:

> "[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692g(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple Chase entities. Further, there is no evidence on the record establishing that Chase is indeed the current creditor."

*Id.* at *13 (citations omitted); *see also Berther v. TSYS Total Debt Mgmt., Inc.*, No. 06-C-293, 2007 WL 1795472 (E.D. Wis. June 19, 2007) (Approving class action settlement where debt collector identified creditor as "Capital One" and acknowledged that there is no such creditor as "Capital One," but rather there are numerous companies that have similar names such as "Capital One Financial Corporation," "Capital One Bank,"

7

"Capital One F.S.B," "Capital One Services, Inc." and "Capital One Auto Finance, Inc."); *see also Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007) (noting that it was unclear "who or what Chase is, but Plaintiff has not asserted that the identity of the original creditor was ambiguous.")

In support of its motion, Defendant here relies solely on *Stricklin v. First Nat. Collection Bureau, Inc.*, No. 3:10-CV-01027-JPG, 2012 WL 1076679 (S.D. Ill. Mar. 30, 2012) for its argument that "Verizon" is sufficient to identify the creditor to whom the debt is owed. However, for several reasons, that case is completely inapposite here, and to the extent it is applicable, such supports *Plaintiff's* position. First, unlike the instant case, the consumer in *Stricklin* argued that the debt collector failed to effectively convey the identity of the *original* creditor, rather than the *creditor to whom the debt is owed* as Plaintiff herein has. As correctly noted by the Court, "First of all, section 1692g(a) does not require a creditor to disclose the name of the 'original creditor' but the name of the creditor 'to whom the debt is owed.' In this case, that is clearly identified in the collection letter as Jefferson Capital Systems, LLC." *Id.* at *6. Second, *Stricklin* was decided in the context of a motion for summary judgment. In this regard, as especially relevant, the Court noted that an allegation that the debt collector failed to accurately name the creditor is sufficient to survive a debt collector's motion to dismiss, but would require factual evidence of the confusion caused to withstand summary judgment. *Id.* at *7 *citing Schneider v. TSYS Total Debt Mgmt., Inc.*, at 2006 WL 1982499.

8

Here, unlike in *Stricklin*, the Court's role is not to determine whether Plaintiff is entitled to summary judgment.[3] Rather, the only issue is whether Plaintiff has stated a plausible claim that the least sophisticated consumer would be confused by Defendant's failure to adequately identify the creditor to whom the debt is owed. *See generally Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013); *see also Suquilanda v. Cohen & Slamowitz, LLP*, No. 10 CIV. 5868 PKC, 2011 WL 4344044, at *7 (S.D.N.Y. Sept. 8, 2011) ("At this juncture, the Court cannot conclude that the least sophisticated consumer would not be confused as to which entity owned plaintiff's debt. Thus, plaintiff has plausibly alleged a violation of section 1692e.")

It is worth noting that it is unclear who, even at this stage of the litigation, is Plaintiff's alleged creditor.

As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied.

### C. Plaintiff Has Stated a Claim Under 15 U.S.C. § 1692e – COUNT II

15 U.S.C. § 1692e(2)(A) prohibits a debt collector from using any false, deceptive or misleading representation of the legal status of any debt. 15 U.S.C. § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken

---

[3] Though not relevant here, in the summary judgment context, "using surveys of unsophisticated consumers, expert testimony and/or other evidence, Plaintiff may be able to establish that the Letter would have failed to identify the creditor to the least sophisticated consumer." *Dewees v. Legal Servicing, LLC,* 506 F.Supp.2d at 133.

9

or that is not intended to be taken. 15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. Additionally, 15 U.S.C. § 1692e generally prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. While 15 U.S.C. § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice. Indeed, as noted by the Second Circuit, "*any* false, deceptive, or misleading representation in a collection letter violates § 1692e-regardless of whether the representation in question violates a particular subsection of that provision." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). A single violation of 15 U.S.C. § 1692e is sufficient to establish civil liability under the FDCPA. *Id.* at 1318.

The fact that a collection letter's terminology is vague or uncertain will not prevent it from being held deceptive under 15 U.S.C. § 1692e. *See Russell*, 74 F.3d at 35 *citing Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989). Collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. *See Clomon*, 988 F.2d at 1319; *see also Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012). In this Circuit, the test for determining whether a collection letter violates 15 U.S.C. § 1692e is an objective standard based on the "least sophisticated consumer." *Clomon*, 988 F.2d at 1318.

Here, Plaintiff alleges that Defendant's notice, which states that Defendant "will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification" can reasonably be read to mean that Defendant was in possession of, or was in the process of procuring, a judgment against Plaintiff. *Dkt. 31* at

¶¶ 58-59. As such was false, Plaintiff alleges that such statement is a violation of the FDCPA. *Id. at* ¶¶ 46-51. Specifically, Plaintiff alleges that such statement is: A false representation of the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A); a threat to take legal action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5); and a false representation and deceptive attempt to collect Plaintiff's alleged debt, in violation of 15 U.S.C. § 1692e(10). *Id.* at ¶¶ 52-54.

Defendant argues that Plaintiff's claim should be dismissed because Defendant is *required* by 15 U.S.C. § 1692g(a)(4) to include such statement in the Notice. However, such argument is without merit and ignores cases on this exact issue. For instance, in *Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) it was argued that 15 U.S.C. § 1692g(a)(4) requires a debt collector "to promise to provide a copy of a judgment, even if it did not exist." *Id.* at 324. This argument was squarely rejected by the court: "If the defendant did falsify and state that it would provide a copy of a non-existent judgment against plaintiffs, that would indeed [] constitute an abusive debt collection practice very likely misleading unsophisticated plaintiffs into a belief that there had already been a judgment rendered against them." *Id.*

Defendant's argument that it should not be held liable for tracking the statutory language is without merit. Indeed, courts have provided guidance to debt collectors in modifying their collection notices in instances where the debt collector does not possess a judgment. *See e.g Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F. Supp. 2d 1344, 1348 (N.D. Ga. 2003) *aff'd*, 374 F.3d 1011 (11th Cir. 2004), *as revised* (Aug. 3, 2004) ("[T]he FDCPA does not require a debt collector to inform consumers that a judgment will be provided when none exists. In the absence of any judgment, Defendant

11

satisfied the requirements of Section 1692g(a)(4) by offering to 'obtain and mail verification of the debt' to Plaintiffs.")[4]

Because it is plausible that Defendant's notice can reasonably lead the least sophisticated consumer to believe that Defendant was in possession of, or was in the process of procuring, a judgment against Plaintiff, when such belief would be inaccurate, Defendant's motion must be denied. *See Russell*, 74 F.3d at 35 ("Because the initial collection notice in the instant case was reasonably susceptible to an inaccurate reading, it was also deceptive within the meaning of the Act.")

### D. Plaintiff Has Stated a Claim Under GBL § 349 – COUNT VI

As a threshold matter, it must be noted that Defendant seeks to dismiss Plaintiff's GBL § 349 claim based solely on the argument that because the "reasonable consumer" standard under the GBL is more exacting than the "least sophisticated consumer" standard of the FDCPA, and that because Plaintiff's FDCPA claims should be dismissed, Plaintiff's GBL claim should be dismissed as well. However, Defendant has not moved to dismiss Plaintiff's Count V, and on this basis alone Defendant's motion to dismiss the GBL claim should be denied. Notwithstanding this, Plaintiff will address the motion as it pertains to the GBL claim.

To state a claim under GBL § 349, a plaintiff must allege: "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d

---

[4] It must be noted that both *Stojanovski* and *Shimek* were decided *subsequent* to the FTC's Staff Commentary relied upon by Defendant.

12

Cir. 2009). Here, Plaintiff has sufficiently pleaded each element required. First, Plaintiff alleged that Defendant's conduct was "consumer-orientated" in that the Notice was sent in an effort to collect an alleged consumer debt, and that the Notice was a form letter sent by Defendant to hundreds of consumers. (Dkt. 31, ¶ 98 - 99). Taking Plaintiff's allegations to be true, if the Notice was mailed to hundreds of customers, it is "likely to have a broader impact on consumers at large and, thus, meets the 'consumer-oriented' requirement of G.B.L. § 349." *Rozier v. Fin. Recovery Sys., Inc.*, No. 10-CV-3273 DLI JO, 2011 WL 2295116, *3 (E.D.N.Y. June 7, 2011). Second, Plaintiff sufficiently alleged that "the act or practice was misleading in a material respect." The standard to determine whether an act is materially misleading is objective, requiring a plaintiff to show the act was "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Spagnola v. Chubb Corp.*, 574 F.3d at 74. Although the "reasonable consumer" standard applies to a claim brought pursuant to GBL § 349, as opposed to the "least sophisticated consumer" standard which applies to a claim pursuant to the FDCPA, Plaintiff has alleged that the Notice at issue here was misleading under either standard. (Dkt. 31 at ¶¶ 55-58, 84-86, 94-96, 100-101). Third, Plaintiff has alleged she was injured as a result of Defendant's actions. To be clear, Plaintiff need not alleged any pecuniary harm to survive dismissal. *Id.*; *see Wood v. Capital One Services, LLC*, 718 F.Supp.2d 286, 291 (N.D.N.Y. 2010) *citing Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000).

For the forgoing reasons, Plaintiff has pled enough facts to "state a claim to relief that is plausible on its face" for violation of GBL. § 349. *Twombly*, 550 U.S. 544, 570.

## **CONCLUSION**

Accepting as true all of the factual allegations contained in the Complaint as the Court must do at the pleading stage, and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has alleged enough facts to state a plausible claim against Defendant. Again, the issue here is not whether Plaintiff is likely to ultimately prevail or whether recovery may be remote, but only whether Plaintiff is entitled to offer evidence to support the claims. For the reasons set forth herein, Defendant's motion should be denied.

Dated: August 27, 2015

>Respectfully submitted,
>
>SANDERS LAW, PLLC
>
>
>By: /s *David M. Barshay*
>   David M. Barshay
>*Attorneys for Plaintiff*
>100 Garden City Plaza, Fifth Floor
>Garden City, New York 11530
>Telephone: (516) 203-7600
>Fax: (516) 706-5055
>Email: DBarshay@SandersLawPLLC.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

_____/s/_____
Sabato P. Fiano

Case 2:14-cv-07303-LDW-AKT   Document 42   Filed 09/09/15   Page 20 of 20 PageID #: 235