UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICOLE BELTREZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 2:14-cv-07303-LDW-AKT |
| v. | : | |
| | : | |
| CREDIT COLLECTION SERVICES | : | **DEFENDANT'S REPLY** |
| | | **MEMORANDUM OF LAW** |
| | : | **IN SUPPORT OF MOTION** |
| | : | **FOR JUDGMENT ON THE** |
| | | **PLEADINGS** |
| Defendant. | : | |

The Defendant, Credit Collection Services, Inc. ("CCS"), hereby files this Memorandum of Law in reply to Plaintiff's Memorandum of Law dated August 27, 2015 and in further support of Defendant's Motion for Judgment on the Pleadings dated August 6, 2015.

## REPLY ARGUMENT

### 1. Plaintiff Does Not Oppose The Defendant's Motion For Judgment As To Counts III and IV of the First Amended Complaint.

In its Answering Memorandum of Law dated August 27, 2015, the Plaintiff expressly "does not oppose the relief sought by Defendant concerning Counts III and IV." (Pl. Mem. of Law, p. 1). Thus, for the reasons set forth in the Defendant's initial moving papers, which reasons are un-opposed by the Plaintiff, judgment should enter in favor of the Defendant as to Counts III and IV of the First Amended Complaint. (Dkt. #31).

1

### 2. The Collection Letter Is Not Reasonably Susceptible To An Inaccurate Reading As To The Identity Of The Creditor.

The Plaintiff contends that the Defendant is not entitled to judgment as to Count I of the First Amended Complaint, wherein Plaintiff alleges that the Collection Letter at issue failed to identify the creditor in violation of 15 U.S.C. § 1692g(a)(2). In so arguing, Plaintiff relies on a host of inapposite cases in an effort to create ambiguity about the identity of the creditor, even though the Collection Letter at issue discloses in large, bold, capital letters that the debt in the amount of $21.83 is "REGARDING: VERIZON."

The Plaintiffs places particular weight on *Schneider v. TSYS Total Debt Management, Inc.*, 2006 WL 1982499 (E.D. Wis. Jun. 13, 2006). (Pl. Mem. of Law, pp. 6-7). In that case, the creditor, a bank, was merely identified as "Target" in the debt collector's notice. In denying the defendant's motion to dismiss, the court recognized that a number of unrelated companies used the name "Target." Accordingly, the debt collector's notice in *Schneider* violated the fundamental test applied in this Circuit, specifically that the letter was "reasonably susceptible to an inaccurate reading" by the consumer. *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir. 2001). .

The fact that the Verizon telecommunications corporate umbrella can be broken down into multiple subsidiaries in the New York State corporation registry does not mean that the Collection Letter here is "reasonably susceptible to an inaccurate reading." Unlike the name "Target," for example, the name "Verizon" is simply not synonymous with multiple, disparate and unrelated entities. To the contrary, the Collection Letter provides even the least sophisticated consumer with sufficient information to challenge, verify and/or dispute the debt "Regarding Verizon" in the specific amount of $21.83.

The Collection Letter's reference to the corporate name "Verizon" is analogous to a collection letter's reference to "Client: PNC Bank" when identifying the original creditor in *Hammett v. AllianceOne Receivables Management, Inc.*, 2011 WL 3819848, *4-5 (E.D.Pa. Aug. 30, 2011) (copy attached as exhibit to Defendant's initial Memorandum of Law in Support of Motion for Judgment on the Pleadings).  In granting the defendant debt-collector's motion to dismiss the plaintiff's FDCPA claim, the *AllianceOne* court reasoned:

> While the language chosen by Defendant to identify the creditor could have been more precise, the Court finds that it does not rise to the level of being false, deceptive, or misleading under the FDCPA…. Here, immediately following Defendant's identification of its client as PNC Bank, the Letter stated "[y]our account has been referred to our office for Collections." (Compl., Ex. A.) This language indicated that Defendant was acting as an agent for PNC Bank to collect a debt owed to PNC Bank. The inclusion of the account number and the amount of outstanding principal provided Plaintiff with additional information concerning the creditor's identity. There was no reference to a sale or an assignment, and so the potential for confusion as to who owned the debt—which troubled the court in *Dewees*—is not a factor in this case….
>
> Plaintiff argues that PNC Bank has many business affiliates, such as "PNC Bank, National Association" and "PNC Insurance Services, LLC," and so, like the plaintiff in *Schneider,* he was unable to determine which entity held his debt. (Pl.'s Resp. Opp'n 9).  Defendant replies that "PNC Bank's affiliates and departments operate under the umbrella name 'PNC Bank,' " and that the name "PNC Bank is on the front of all PNC credit cards despite the fact that the different types of credit cards may be a registered service mark of one of the various entities of PNC (i.e. a business credit card versus a personal credit card)."  (Def.'s Reply Br. 2–3.).  The Court agrees with Defendant that this case is distinct from *Schneider.* In that case, the court was unable to determine the identity of the creditor because the name "Target" could have referred to any number of entities.  Here, by contrast, the identity of the company is clear. There is only one PNC Bank, and the Court is unpersuaded by Plaintiff's argument that the Letter was misleading because it did not specify whether a subsidiary of that company held his debt.
>
> *Id.* at p. *4-5.

Plaintiff's reliance on *Berther v. TSYS Total Debt Mgmt., Inc.,* 2007 WL 1795472 (E.D. Wis. June 19, 2007) is also severely misguided. (Pl. Mem. of Law, pp. 7-8). *Berther* is nothing more than a court's approval of a class action settlement, with no analysis or opinion as to the merits of the plaintiffs' claims therein. Finally, in *Dewes v. Legal Servicing, Inc.,* 506 F.Supp. 2d. 128, 132 (E.D.N.Y.), also relied upon by the Plaintiff, the confusion as to the identity of the creditor in the subject letter was as a result of the fact that the original creditor referred to in the letter had sold the debt – issues that have no applicability to this action. Specifically, in *Dewees,* the defendant's letter indicated that "[t]he debt identified was sold by CHASE, all of your rights and obligations regarding this contract have been assigned to this office." *Id.* As a result, the court found that the subject letter failed "to eliminate any factual question as to whether the least sophisticated consumer would understand (1) to whom CHASE sold the debt or (2) who owned the debt at the time the letter was sent." *Id.*

Here, it is clear from the face of the Collection Letter that the Plaintiff owed a debt to "Verizon" in an amount of $21.83 which CCS was attempting to collect. The Letter complies with all material requirements of the Fair Debt Collection Practices Act ("FDCPA"). It accurately states the total amount of the debt in two places. It names "Verizon" as the creditor and identifies CCS as the debt collector. It contains all disclosures required to be provided by the FDCPA so that the debtor can exercise her rights to challenge, verify and/or dispute the debt. Ultimately, the Letter provides the least sophisticated consumer all the information needed to request verification of any debt "regarding Verizon" or dispute the validity of any debt "regarding Verizon." There is nothing in the Letter that undercuts or puts in question the affirmative disclosures of

Verizon as the creditor. The fact that the Letter does not specifically identify the particular corporate subsidiary of the commonly-known Verizon company does not rise to a violation of either the terms or the spirit of the FDCPA.

3. **Defendant Cannot Be Found Liable For Its Verbatim Recitation Of Statutory Language In Accordance With 15 U.S.C. § 1692g(a)(4).**

As argued at length in the Defendant's initial Memorandum of Law in Support of Motion for Judgment on the Pleadings, the Plaintiff here seeks to hold the Defendant liable for actually *complying* with 15 U.S.C. § 1692g(a)(4). Specifically, Section 1692(a)(4) mandates as follows:

> [A] debt collector shall … send the consumer a written notice containing – (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector **will obtain verification of the debt or a copy of a judgment** against the consumer and **a copy of such verification or judgment** will be mailed to the consumer by the debt collector.
> (Emphasis added)

By comparison, the language in the Collection Letter challenged by Plaintiff states as follows:

> If you notify this office in writing within 30 days from receiving this notice, this office **will obtain verification of the debt or obtain a copy of a judgment** and mail you **a copy of such judgment or verification**.
> (Emphasis added)

The law is clear that a validation notice which tracks the language of the FDCPA is presumed to fulfill the statutory requirements. *Greco v. Trauner, Cohen Thomas, L.L.P.,* 412 F. 3d 360, 365-66 (2d Cir. 2005). In her Answering Memorandum of Law, Plaintiff attempts to defy this clear point of law by relying on cases that have utterly no persuasive value. For example, in *Stojanovski v. Strobl & Manoogian, P.C.,* 783 F. Supp. 319 (E.D. Mich. 1992), the letter at issue did *not* violate the FDCPA *and* did *not*

5

include any reference to a copy of a judgment.  In other words, the issue here -- whether the reference to a copy of a judgment in compliance with 15 U.S.C. § 1692g(a)(4) actually violates the FDCPA - was never before the court.  Rather, the court decided the complete inverse – that the subject letter did not violate the FDCPA despite *not* referring to a copy of a judgment.  *Id.* at p. 324.

Similarly, in *Shimek v. Weissman, Nowack, Curry & Wilco, P.C.*, 323 F.Supp. 2d 1344 (N.D. Ga 2003), the court observed that "plaintiffs cite several cases for the proposition that a debt collection letter that tracks the statutory language of Section 1692g(a)(4) is not misleading even in the absence of a judgment. However, plaintiffs have not cited any authority that requires such a complete recitation of the statutory language when the creditor has not obtained a judgment." *Id.* at 1348.  In other words, the *Shimek* case, like *Stojanovski*, dealt with the precise opposite issue of this case – whether the *failure* to include the copy of judgment language violated the FDCPA. *Shimek* and *Stojanovski* simply have no persuasive value whatsoever in this case.

Here, Defendant include such mandatory language in its Collection Letter in virtual verbatim compliance with 15 U.S.C. § 1692g(a)(4).  The Plaintiff has cited to no authority whatsoever that the Defendant can actually be found liable for such compliance.  Count II of the First Amended Complaint fails as a matter of law.

                                      Respectfully submitted,

Date: September 9, 2015              DEFENDANT
                                          CREDIT COLLECTION SERVICES

                                          By: _____/s/_____
                                               Sabato P. Fiano
                                               Michael A. Carbone

                                               Zeldes, Needle & Cooper, P.C.
                                             1000 Lafayette Blvd., Suite 500
                                             Bridgeport, CT 06604
                                             Tel: 203-332-5791
                                             Fax: 203-333-1489
                                             E-mail: sfiano@znclaw.com
                                             E-mail: mcarbone@znclaw.com


## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 9, 2015, a copy of the foregoing was delivered electronically to the following counsel of record for the Plaintiff and that Notice of this filing with the Court will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system upon filing with the Court by way of ECF.

David M. Barshay, Esq.
Sanders Law, PLLC
100 Garden City Plaza
Suite 500
Garden City, New York 11530
dbarshay@sanderslawpllc.com


                                            _____/s/_____
                                            Sabato P. Fiano