UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NICOLE BELTREZ,

                Plaintiff,                      MEMORANDUM AND ORDER

     -against-                                   CV 14-7303 (LDW) (AKT)

CREDIT COLLECTION SERVICES, INC.,

                Defendant.
----------------------------------------------------------X

WEXLER, District Judge

     Plaintiff Nicole Beltrez ("Beltrez") brings this action against defendant Credit Collection Services, Inc. ("CCS") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Beltrez alleges that CCS caused to be mailed to her a collection letter (the "Notice") that she claims violated various FDCPA provisions. CCS moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") as to Counts I, II, III, IV, and VI of the First Amended Complaint. Beltrez does not oppose dismissal of Counts III and IV, but she opposes the motion as to Counts I, II, and VI.

     A motion for judgment on the pleadings under FRCP 12(c) is analyzed under the same standard as a motion to dismiss under FRCP 12(b)(6). *Effie Film, LLC v. Murphy*, 564 Fed. Appx. 631, 632 (2d Cir. 2014). When reviewing a motion under FRCP 12(c), "the court considers the complaint, the answer, any written documents attached to them,

2

and any matter of which the court can take judicial notice for the factual background of the case." *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009) (per curiam).

As for Count I, Beltrez claims that the Notice fails to identify the creditor within the meaning of § 1692g(a)(2). Section 1692g(a)(2) requires debt collectors to send consumers written notice containing, *inter alia*, "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). CCS argues that the Notice sufficiently identifies the creditor, as a separate box near the top of the letter provides, *inter alia*: "REGARDING: VERIZON." Beltrez argues that Count I sufficiently states a claim, as the Notice does not specify which of many different "Verizon" entities is meant as the creditor. According to Beltrez, there are, for example, 37 entities registered with the New York State Department of State, Division of Corporations, that begin their legal name with "Verizon." Upon consideration, the Court finds that Count I sufficiently pleads a claim. The Court cannot say, at this early stage of the litigation, that the least sophisticated debtor would not be confused by the Notice as a matter of law.

As for Count II, Beltrez claims that the Notice violates § 1692e. Section 1692e(2)(A) prohibits a debt collector from using any false, deceptive, or misleading representation of "the legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692e(10) prohibits a debt collector from making or using any false representation or deceptive means to collect or attempt to collect any debt. *Id.* § 1692e(10). Beltrez claims that the Notice is deceptive and misleading in that it states that CCS "will obtain

verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification," notwithstanding that CCS was not in possession of, or in the process of procuring, a judgment against Beltrez. CCS argues that the Notice is not deceptive or misleading, in that it complies with § 1692g(a)(4) by tracking the language of that provision in notifying the debtor of her rights. While the parties cite various cases both within and without the Second Circuit in support of their positions, they do not cite any controlling or persuasive authority directly addressing the issue, although the Court notes that there are such decisions. *See Moore v. Ingram & Assocs., Inc.*, 805 F. Supp. 7 (D.S.C. 1992) (citing *In re Barr*, 54 B.R. 922 (D. Or. 1984); *Blackwell v. Professional Bus. Servs. of Georgia, Inc.*, 526 F. Supp. 535 (N.D. Ga. 1981)); *accord Duncan v. Nichols*, 451 S.E.2d 24 (S.C. Ct. App. 1994). Given the early stage of the litigation, and the need for additional briefing, the Court denies the motion as to this claim without prejudice to renewal on summary judgment.

As for Count VI, Beltrez claims that CCS violated New York's General Business Law § 349 in attempting to collect Beltrez's alleged debt. To state a claim under GBL § 349, a plaintiff must allege "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Deceptive acts are defined objectively, as acts "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* CCS argues that dismissal of Beltrez's FDCPA claims in Counts I

and II requires dismissal of her GBL claim, since the GBL standard is "more exacting than the least sophisticated consumer standard of the FDCPA." Defendant's Memorandum of Law in Support of Motion for Judgment on the Pleadings, at 17. Given the Court's denial of the motion as to Counts I and II, the Court denies the motion as to Count VI.

Accordingly, CCS's motion for judgment on the pleadings is granted as to Counts III and IV and denied as to Counts I, II, and VI.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
November 25, 2015